Hughes, Appellant, *v.* Hanna (et al., Appellant).

Argued June 18, 1958. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Edward S. Lawhorne,* for plaintiff.

*Edward D. McLaughlin,* for defendant, borough.

*Edward F. Cantlin,* with him *J. H. Ward Hinkson,* for defendants, contractors.

*Robert W. Beatty,* with him *Earnest L. Green, Jr.,* and *Butler, Beatty, Greer & Johnson,* for defendant, subcontractor.

OPINION BY GUNTHER, J., September 11, 1958:

These appeals are from the refusal of the motion for judgment non obstante veredicto and the granting of a new trial and the granting of a nonsuit against two of the defendants. Edmund R. Hughes instituted an action in trespass against the Borough of Brookhaven, John Hanna and Sons and Edgar Mitchell as a result of an accident which occurred on East Brookhaven Road in Delaware County. On September 28, 1955, plaintiff was driving his car on East Brookhaven Road at a point about thirty feet east of Middleton Road in the Borough of Brookhaven. At that point the roadway collapsed, his vehicle stopped suddenly when the left front wheel entered this hole and he was thrown out sustaining injury to his neck and a right inguinal hernia.

The evidence disclosed that the Borough of Brookhaven had secured a permit from the State Highway Department to construct a sewer in Brookhaven Road and entered into a contract with John Hanna and Sons for the construction of this sewer line. The contractor entered into a sub-contract with Edgar Mitchell for the digging of the trench and laying of the sewer pipe. All of Mitchell's work was completed by May 27, 1955. Shortly thereafter, Hanna and Sons paved over the ditch and continued to pave with binder and amesite to the time of the accident. The permanent restoration of the paving had not been done. All of the work was supervised and inspected by the borough engineer who did not require the installation of permanent paving at any time prior to the accident.

At the trial, plaintiff alleged that the permanent restoration of the paving should have been completed prior to permitting traffic to travel thereon and the failure to do so was negligence on the part of the contractor, sub-contractor and the borough. The evidence disclosed, however, that the sub-contractor had nothing to do with the paving, and, after the plaintiff's case, a nonsuit was entered on behalf of Mitchell. The case was submitted to the jury on the liability of the contractor and the borough, and it returned a verdict in favor of plaintiff against the Borough of Brookhaven alone. A motion for judgment n.o.v. was filed and argued and the court below refused the motion but granted a new trial limiting it against the borough alone on the ground that plaintiff's expert witness was not, in fact, an expert and therefore should not have been permitted to testify. From this adjudication, plaintiff has taken this appeal and the borough has also appealed in the ground that the motion for judgment n.o.v. should have been granted and that limiting the new trial against it alone was improper.

On this appeal two questions are raised primarily: (1) Did plaintiff's witness, Lawler, qualify as an expert, and (2) should the new trial have been granted, especially when none was requested.

The court below properly ruled on the motion for judgment n.o.v. With the testimony of plaintiff's witness, Lawler, the case was properly submitted to the jury on the question of the borough's negligence. We have stated that in disposing of a motion for judgment n.o.v., the court lacks the power to eliminate evidence on the ground that it was inadmissible and then enter a judgment n.o.v. on the diminished record. *Finkelston v. Kapnek*, 184 Pa. Superior Ct. 174, 133 A. 2d 310. The Borough of Brookhaven concedes this but contends that judgment n.o.v. should have been granted on the record, including Lawler's testimony. In view of this witness' testimony to the effect that, by failure to cover the amesite covering with cement within a reasonable time, a dangerous condition was created by the borough, the question of negligence was for the jury and the motion was properly refused.

Plaintiff called Joseph Lawler as an expert witness to testify as to whether the paving as done was proper under the circumstances. In order to qualify as an expert witness, Mr. Lawler testified that he was the superintendent for Delaware County highway maintenance, employed by the Pennsylvania Department of Highways for a period of ten months. During this time, he observed and experienced the construction of sewers and the repaving of streets. Previous to this employment, he had served as superintendent of construction for various construction firms for three or four years throughout the country. Prior to getting with the Department of Defense, he was with the Army Engineers from 1940 to 1952, and during his service he was with the Air Corps building air bases

and airfields in the Pacific. He stated that he had supervised road construction and maintenance, "because during my term with the Army Engineers and the Defense Department, they were mainly concerned with maintenance, standby arsenals, putting it in mothball operation. On that job I was constantly making inspections, sometimes for a month at a time, on standby arsenals, on all phases of maintenance of property; I was contract administrator for the work getting done." For a period of sixteen years, therefore, this witness had supervised the maintenance and construction of many various types of building operations, the last ten months of which were closely connected with the very type of operation about which he was to testify. With this broad experience in the construction business, he certainly could not be considered a lay witness and we believe he was qualified to express an opinion in regard to the propriety of the construction here involved. However, like the testimony of any other witness, the weight to be given to such testimony is for the jury. *Moodie v. Westinghouse Electric Corp.*, 367 Pa. 493, 80 A. 2d 734; *Churbuck v. Union Railroad Co.*, 380 Pa. 181, 110 A. 2d 210. The court below, at the time of trial, permitted the testimony of this witness, but on the motion for judgment n.o.v., it concluded that this witness did not qualify as an expert witness. This, we believe, was error.

Concluding, as we do, that that testimony of Mr. Lawler was admissible, the question of negligence of the borough and of Hanna and Sons became a jury question. The verdict of the jury was not contrary to the weight of the evidence, excessive or capricious. The Borough of Brookhaven did not ask for a new trial and, under the circumstances, none should have been granted.

The order of the court below is reversed and judgment is to be entered on the verdict.