Schneider, Appellant, *v.* Patterson.

Argued November 14, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*John W. Beatty*, with him *Knox, Pearson & Mc-Laughlin*, for appellant.

*James P. Lay, III*, with him *Gifford, Jones & Lay*, for appellee.

OPINION BY WATKINS, J., March 23, 1967:

This is an appeal from the order of the Court of Common Pleas of Erie County, granting a new trial to the defendant-appellee, William L. Patterson, in an action of assumpsit, which resulted in a jury verdict in

favor of the plaintiff-appellant, Max S. Schneider, in the amount of $3002.95.

The action was brought on a promissory note made by the appellee in favor of the appellant in payment for the sale of a boat. The purchase price of the boat was $24000, $4000 of which was to be paid by the appellee's promissory note dated January 30, 1960, and payable on or before May 15, 1962, "if said yacht, its machinery and equipment is then in good operating condition or seaworthy for cruising as a pleasure craft on the Great Lakes, U.S.A. (hereinafter referred to as condition), but if said yacht, its machinery and equipment is not then in such condition the undersigned Max S. Schneider will cancel and return said promissory note to said William L. Patterson, or put said yacht, its machinery and equipment, in such condition on or before May 24, 1962, the determination of such condition in case of any dispute to be made by Capt. Don R. McRae and Associates, 6644 Ogalas Avenue, Chicago, Illinois."

The boat in question was a used one that had previously been sunk. The appellant had owned it during the 1961 boating season and testified that it was in perfect condition when it was drydocked for the winter season. The appellee first saw the boat in Chicago, during the winter of 1961-1962 and the contract in question was executed January 30, 1962.

The appellee prior to May 15, 1962, had made some repairs costing $1000 to the boat in Chicago, without notice to the appellant so that the matter could be brought to the attention of Capt. McRae, according to the agreement. Subsequent to May 15, 1962, the appellee sailed the boat down the Great Lakes from Chicago to Erie, and on May 19, 1962, admitted in writing, that the boat operated "extremely well" on the trip.

On May 20, 1962, the port engine of the vessel exploded and within one hour's running time thereafter,

the starboard engine also exploded. The appellee refused to pay the note and this action followed. The appellee counterclaimed for repairs made before and after May 15, 1962. Trial was held before President Judge JAMES B. DWYER, of the Orphans' Court, sitting specially, and the jury brought in a verdict of $3002.95. The verdict allowed the appellee credit for repairs made prior to May 15, 1962, but disallowed any claim for repairs subsequent to May 15, 1962, in the amount of $4200 which appellee claimed was necessary to make the boat seaworthy after the engines had exploded.

The appellee filed a motion for a new trial on the ground that the verdict was against the weight of the evidence. The court en banc, after argument, granted a new trial. This appeal followed.

The burden on the appellant in this case is a heavy one. Only in rare cases, where the court feels the issue is not in doubt and that a clear error of law has palpably been made, will the reviewing court find that the grant of a new trial is an abuse of discretion. ". . . we recognize the burden which the appellant has to establish that the action of the Court below constituted a clear and palpable abuse of discretion or an error of law which controls the case. . . .".

However, we deem it palpable error on the part of the court below to have disregarded the uncontroverted physical facts and to have taken from the jury its consideration of the question of seaworthiness of the boat on May 15, 1962, by weighing conflicting expert testimony concerning its condition prior and subsequent to May 15, 1962. If it were not in good operating condition on the date in question and according to the expert chosen by both parties it was seaworthy the appellant should have had the opportunity to put it in such condition. The grant of a new trial was a clear abuse of discretion. In the appellant's case he testified that the boat was in perfect condition in 1961. It was used

every day of the season. He further testified that the appellee, after the purchase, had used the boat and said it worked fine. The appellee sailed the boat from Chicago to Erie, approximately 1000 miles, subsequent to May 15, 1962, and wrote to Schneider on May 19th stating that the boat operated "extremely well".

The only evidence upon which the court below could decide that the verdict was against the weight of the evidence was the expert opinion testimony of the appellee's experts. "Actual facts, proven by positive evidence, are under the law of Pennsylvania entitled to far more weight than opinion evidence, even that of experts. (Citing cases). Where the logical conclusions to be drawn from the proof of actual facts is at variance with opinion evidence, then the ultimate truth is for the jury." *Com. v. Woodhouse*, 401 Pa. 242, 260, 164 A. 2d 98 (1960). "Opinion evidence is of a lower grade than, and is entitled to little or no weight against, positive testimony of actual facts." Henry Pa. Evid. §565, page 576.

It seems strange too, that the court below gave such weight to the appellee's experts and disregarded the appellant's expert, Capt. McRae, who was the one expert both sides had agreed in the contract would determine the seaworthiness of the boat. He was the only expert who examined the boat prior to May 15, 1962. He gave detailed findings as to his survey of the boat and testified specifically in regard to the condition of the engine and the exhaust and that the boat, in his expert opinion, was seaworthy. An examination of his survey in the record is certainly a far cry from what the court below characterized as "generalized statements". The appellee's experts were presented to refute the case in chief. These experts testified that the explosion of the engines in their opinions was the result of faulty design. Two Chris Craft brochures were introduced which indicated that manifold modification

of the engines was desirable. There was nothing to indicate that a boat containing such an engine was unseaworthy. The brochure stated, "on a percentage basis our Model 430 Engine has proven to be a good Engine". Based on the appellant's expert's opinion both engines malfunctioned as a result of the manifold defect and caused the $4200 damage. However, like the testimony of any other witness, the weight to be given to such testimony is for the jury. *Hughes v. Hanna*, 187 Pa. Superior Ct. 466, 144 A. 2d 617 (1958).

The order granting a new trial is reversed and it is directed that judgment be entered upon the verdict of the jury.