Alvin H. FRANKEL, Administrator C. T. A. of the Estate of George Burgoyne, Deceased, Appellant,

v.

Walter R. STYER, Trading as Styer Refrigerator Body Co.

No. 16333.

United States Court of Appeals Third Circuit.

Argued Sept. 26, 1967.

Decided Nov. 22, 1967.

---

See also D.C., 209 F.Supp. 509.

James A. Burgess, Jr., Katz, Kozay, Burgess & Black, Philadelphia, Pa., for appellant.

Jame J. McEldrew, Cole, McEldrew, Hanamirian & McWilliams, Philadelphia, Pa., for appellee.

Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

This is a diversity case under the Pennsylvania Wrongful Death and Survival Acts. Judgment below was for the defendant on a jury verdict. On this appeal, the administrator of the decedent's estate contends that alleged trial errors necessitate a new trial.

The decedent, George Burgoyne, died while accidentally locked in the body of his truck which had been remodeled for him by the defendant, a contractor, to provide an insulated environment for refrigerated meats. All relevant events occurred in Pennsylvania.

One of the trial issues was whether the defendant was negligent in failing to install a safety release on the inside of the door of the remodeled body so that the accidental closing of the door would not deprive a person inside of a means of egress. As a part of his proof on this issue, the appellant sought to show that it was the custom and practice of the body construction trade to install safety releases on the inside of doors of insulated truck bodies. Such evidence is admissible when offered by a competent witness. Jemison v. Pfeifer, 1959, 397 Pa. 81, 152 A.2d 697. However, the trial judge ruled that the witness who sought to testify to the relevant custom and usage was not competent to do so.

The witness in question, Albert Goldsman, testified that he had been in the business of building commercial truck bodies for thirty-five years; that his company built about 100 such bodies a year, 15 per cent of them being of the insulated type, and that he had studied

the literature concerning the construction of insulated bodies. However, Goldsman also testified that he had no more than a high school education and personally had never drafted any plans for body construction. Apparently because of this lack of formal training and professional or technical competence and experience, the trial judge found Goldsman incompetent to testify to the custom and usage in question.

This was error. Neither technical training nor personal competency as an engineer or an industrial draftsman was necessary to make such a long time operator of a body building business as Goldsman knowledgeable of and competent to inform the jury of any custom and usage that prevailed in the body building trade with reference to the incorporation of simple and obvious structures in truck doors. Cf. Churbuck v. Union R. Co., 1955, 380 Pa. 181, 110 A.2d 210; Hughes v. John Hanna & Sons, 1958, 187 Pa.Super. 466, 144 A.2d 617.

Error is also alleged in the failure of the court to permit Dr. M. E. Aaronson, an assistant medical examiner for the City of Philadelphia who had pronounced Burgoyne dead at the scene of his demise, to testify as a rebuttal witness. Because a blizzard had delayed Dr. Aaronson's arrival at the trial, the court permitted the plaintiff to introduce into evidence Dr. Aaronson's official report stating that death was caused by suffocation. Subsequently, a physician called by the defendant testified that death was due to severe arteriosclerotic heart disease. In these circumstances, the appellant sought in rebuttal to call Dr. Aaronson, who was a pathologist and in this case had performed an autopsy, to rebut the defense medical opinion and to rehabilitate his own opinion by more detailed explanation than appeared in his report. However, the court expressed the view that since the defense had agreed to let Dr. Aaronson's report be admitted without cross-examination, to "call him back as an expert to refute these other witnesses * * * doesn't seem quite cricket to me".

We think the agreed use of Dr. Aaronson's report in the plaintiff's case in chief did not constitute a waiver of the privilege of calling him in rebuttal after an apparently contradictory opinion had been introduced by the defense. Moreover, the need to explain, if possible, the consistency of Dr. Aaronson's opinion with the existence of an arteriosclerotic heart condition was created by the defendant's medical testimony. In these circumstances, we think Dr. Aaronson was a proper and competent rebuttal witness and that he should have been allowed to testify. Cf. Schoen v. Elsasser, 1934, 315 Pa. 65, 172 A. 301.

For these reasons, the judgment will be reversed and the cause remanded for a new trial.