## Molter v. Union Fidelity Life Insurance Co.

*Anthony J. Mazullo, Jr.*, for plaintiff.
*Michael J. Mangan*, for defendant.

BECKERT, *J.*, October 15, 1975 — Sarah M. Molter (plaintiff) seeks leave to file an amended complaint. This request is being opposed by defendant, Union Fidelity Life Insurance Company, and, hence, this matter is before us for determination under our local Rule ★266. Plaintiff had instituted suit in assumpsit by filing a complaint on October 4, 1973, against defendant, setting forth a contractual cause of action based upon plaintiff's alleged right to proceeds under a certain policy of life insurance on the life of one Arthur Lis, who died survived by plaintiff, the named beneficiary thereunder. On June 13, 1975, plaintiff filed her petition, seeking leave to amend her complaint so as to state a second cause of action in trespass, alleging that decedent, Lis, had been an authorized agent for defendant company and was armed with the authority to solicit applications for life insurance on defendant's behalf. Plaintiff further contends and wishes to plead that Lis had committed a fraud on plaintiff, made possible by defendant's negligence and that the negligence allegedly consisted of defendant's failure to maintain proper accountability and control of its unissued policies of insurance, as a result of which Lis was able to deliver to plaintiff a bogus policy of insurance, upon which plaintiff relied as security for the various loans made by her to Lis, both before and after he tendered the insurance policy to her.

Defendant's answer to the petition for leave to file an amended complaint denies the averments of plaintiff's petition and avers that defendant used due care under the circumstances and owed no duty of care to plaintiff, and further avers that plaintiff had no basis for her reliance upon the genuineness of the purported policy and should have been aware of its fraudulent nature no later than July 27, 1973. Defendant contends that the requested amendment to the complaint is not timely and would be prejudicial to defendant, if allowed.

The amendment sought would add a new and totally distinct cause of action, which is authorized under our Rules of Civil Procedure, Rule 1033★(a) as long as the new cause of action is not precluded by the applicable statute of limitations: Kuisis v. Baldwin-Lima-Hamilton Corp., 457 Pa. 321, 319 A. 2d 914 (1974). Pa.R.C.P. 1020 permits causes of action against the same defendant in trespass and assumpsit to be joined in separate counts, so that the form of amendment proposed here by plaintiff is procedurally proper.

We find plaintiff is correct in asserting that the statute of limitations applicable to the amendment in trespass is the six-year period of general limitations for personal actions pertaining to all actions "upon the case . . .": Act of March 27, 1713, 1 Sm.L. 76, sec. 1, 12 PS §31. That statutory section has been held applicable to actions involving conspiracy to defraud a broker of commissions (Helmig v. Rockwell Manufacturing Company, 389 Pa. 21, 131 A. 2d 622 (1957)); tortious interference with a business relationship (McCully-Smith Associates, Inc. v. Armour & Co., 358 F. Supp. 331 (D.C.,

1973)); and conspiracy to damage one's business: Smith v. Morris et al., 40 D. & C. 237 (1940), 42 Lack. Jur. 13 (1940). While we have discovered no cases decided under that section which are factually similar to the instant situation, we feel that this broad statute of limitations is equally applicable here, and defendant has furnished us with no authority to the contrary. Here, all relevant events occurred well within the period of six years immediately preceding the filing of suit, and, accordingly, we find that the statute of limitations does not constitute a bar against the requested amendment.

Defendant argues that to now allow plaintiff to add a count in trespass would give plaintiff an unfair advantage over defendant, since defendant would be required to prepare a defense entirely different from that necessitated by the original complaint in assumpsit. However, notwithstanding the obvious differences in the elements of proof required as to the separate counts in assumpsit and trespass, we, nevertheless, feel that the underlying factual inquiry necessary to the preparation of defenses on both counts is essentially the same. In paragraph three of its answer to complaint, filed of record on October 29, 1973, defendant alleges that the document sued upon by plaintiff is "not an insurance policy issued by defendant," but rather is a "fraudulent and bogus instrument, which was never issued by defendant." It is apparent that at the time the answer was prepared, defendant was well aware of the alleged involvement of Arthur Lis as its agent for the issuance of life insurance, and of the need to investigate the circumstances surrounding the alleged issuance to plaintiff of a policy of insurance on Lis' life. While the nature of evi-

dence necessary to disprove the averments in assumpsit and trespass obviously differs, we believe that a reasonably diligent inquiry into the facts put at issue by the original complaint and answer would naturally give rise to factual discoveries bearing directly upon the conduct of defendant's agent, Lis, in dealing with plaintiff and the extent to which that conduct was binding upon or imputed to defendant.

Here, there was a delay of at least one year between the time when plaintiff became aware with certainty of the questionable circumstances surrounding issuance of the insurance policy and plaintiff's attempt to amend her complaint in order to set forth therein a new count alleging defendant's negligence in allowing those circumstances to occur. The delay has not been explained by plaintiff; however, a party should be allowed a liberal right to amend a pleading at any time, even where the information forming the basis for the amendment was, as here, available earlier, as long as allowance of the amendment would not prejudice the other side: Hotte v. Griffith, 87 Montg. 386 (1967). There is no basis for our supposing that this plaintiff has attempted to gain some unfair advantage over defendant by intentionally delaying the request for amendment until near the time of trial, in which case amendment would be disallowed: Casino v. Eade, 50 Westmoreland 301 (1968). This case seems readily distinguishable from Pugh v. Bankers Mutual Insurance Company of Adams County, 206 Pa. Superior Ct. 136, 211 A. 2d 135 (1965), where an insurer was not permitted to amend its answer to raise a new defense after both parties had completed presentation of their cases at trial and where the insurer had been made aware of

the basis for the new defense during the taking of depositions four months earlier. In the instant case, the day of trial is not upon us, and defendant has not demonstrated to us that allowance of plaintiff's proposed amendment would result in any undue hardship. This court has broad discretion to allow amendments at any time, absent prejudice to the adverse party: Bell et al. v. Shetrom, 214 Pa. Superior Ct. 309, 257 A. 2d 323 (1969); Bata v. Central-Penn National Bank of Philadelphia, 448 Pa. 335, 293 A. 2d 343 (1972).

The final argument raised by defendant is that the proposed amendment does not state a claim upon which relief can be granted. This argument is not mentioned in defendant's answer to petition for leave to file amended complaint and, even if it had been, it would appear to be premature, since the sufficiency of a pleading should be tested by preliminary objections after the pleading had been filed: Fink v. Fox, 15 D. & C. 2d 716 (1958). Were the proposed pleadings patently defective so that it would be an obvious exercise in futility for us to grant leave for it to be filed by plaintiff, we would, perhaps, be willing to decide this question in the interest of expediting the framing of the issues to be dealt with at trial. However, this does not appear to be such a clear case. Defendant has referred us to a general proposition of law stating that no one is liable in damages for his failure to anticipate a crime by a third person: 57 Am. Jur. 2d, Negligence §63. There appear to be exceptions to this general rule, in situations where the party being charged with negligence has failed to take reasonable care to prevent the infliction of willful and malicious injury which could have been anticipated: 57 Am. Jur. 2d, Negligence §27 (cases cited).

The test imposed by the cases appears to be one of "foreseeability," the determination of whether, in a particular factual situation, a court should regard as legally foreseeable a result which is the direct consequence of a criminal act of another, where that criminal act was made possible or likely by defendant's allegedly negligent act. On the facts presently before us, we are unwilling to determine, as a matter of law, that plaintiff's proposed second count in trespass fails to state a claim upon which relief might be granted.

## ORDER

And now, October 15, 1975, plaintiff is hereby granted leave to file an amended complaint form attached as exhibit A to plaintiff's petition for leave to file amended complaint, within 20 days from the date of this order.