553 A.2d 535

Ruth Ann Wilson and Sheridan Wilson, Jr., her husband, Appellants *v.* Craig Miladin, The Midland Area School District, Dale Stuby and Rochester Area School District, Appellees.

Argued October 4, 1988, before Judges BARRY and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*John A. Clay*, for appellants.

*James A. McGregor, Jr.*, for appellee, Rochester Area School District.

*Scott D. Glassmith*, with him, *Charles A. Buchel, Jr., Rosenberg, Kirschner, P.A.*, for appellee Craig Miladin.

OPINION BY JUDGE BARRY, February 10, 1989:

Ruth and Sheridan Wilson appeal a Beaver County Common Pleas Court order granting the summary judgment motions of Craig Miladin (Miladin) and Rochester Area School District (Rochester). We affirm.

Ruth Wilson was injured attending the 1984 Midland Area at Rochester high school football game. As she waited in the refreshment line, Wilson was knocked to the ground by Miladin, a Midland player leading his team from the visitor's locker room after halftime.

The pleadings alleged that Miladin negligently struck Wilson, causing her injuries. Against Rochester, it was further alleged that the placement of the concession stand in close proximity to the locker room constituted a defect in the real property in the care, custody and control of that school district.

Both Miladin and Rochester's subsequent summary judgment motions were granted. The common pleas court concluded that Miladin was an "employee" of Midland Area School District as defined in Section 8501 of the Judicial Code, 42 Pa. C. S. §8501, and was, therefore, entitled to governmental immunity.[1] The court also concluded that the real property exception to immunity[2] did not apply. Thus, it held that Rochester was not liable.

In reviewing a grant of summary judgment, our scope of review is limited to determining whether the common pleas court committed an error of law or an abuse of discretion. *Farley v. Township of Upper Darby,* 100 Pa. Commonwealth Ct. 535, 514 A.2d 1023 (1986). Summary judgment is appropriate only when, examining the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the movant clearly establishes that he or she is entitled to judgment as a matter of law. *Ellis v. SEPTA,* 116 Pa. Commonwealth Ct. 299, 541 A.2d 843 (1988).

The Wilsons initially contend that the common pleas court erred in concluding that Rochester was immune. They maintain that the real property exception applies, because the location of the concession stand near the locker room area was a defect in the school district's real property.

---

[1] Section 8541 of the Judicial Code, 42 Pa. C. S. §8541.

[2] Section 8542(b)(3) of the Judicial Code, 42 Pa. C. S. §8542(b)(3).

However, in *Mascaro v. Youth Study Center*, 514 Pa. 351, 363, 523 A.2d 1118, 1124 (1987), our Supreme Court held:

> [T]he real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others .... (Emphasis in original.)

Here, neither the land itself nor any artificial condition created by the locker room's location caused Wilson's injuries; rather, she was injured after her contact with Miladin. At most, it can be said that the placement of the locker room facilitated the injury by Miladin, which our Supreme Court has said is not actionable under the real estate exception to immunity. *Id.* Therefore, we conclude that the common pleas court did not err in granting Rochester Area's summary judgment motion.

The Wilsons next argue that the common pleas court erroneously concluded that Miladin was entitled to immunity as an employee of the Midland Area School District.

Section 8541 of the Judicial Code states that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency *or an employee thereof* or any other person." (Emphasis added.)

Miladin argues that he was Midland's employee under Section 8501 of the Judicial Code which, in pertinent part, defines "employee" as:

> Any person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not and whether within or without the territorial

boundaries of the government unit, including any volunteer fireman and any elected or appointed officer, member of a governing body or other person designated to act for the government unit.

We recognize that a high school football player is not a school district's "employee" as that term is defined under standard usage. As can be seen, however, the statutory definition of employee is much broader. It extends immunity to those not normally considered "employees," includes those acting "on behalf of" a government unit, and is not restricted to either permanent or paid personnel. In addition to examples of such persons, the legislature included a general classification, those "designated to act for the government unit."

In this case, Miladin "acted on behalf of" the Midland School District by participating in its football game. By wearing its uniform, he was representing his school and, in turn, the school district. Although Miladin's relationship with his team was no doubt voluntary, he was required to comply with his coaches' instructions and the school and school district's rules governing athletic competition. Having been chosen as a member of the team, he was "designated to act" in this extracurricular activity. We conclude under these limited circumstances that Miladin was an "employee" within the ambit of Section 8501.

As an "employee," Miladin also would be immune under Section 8545 of the Judicial Code, 42 Pa. C. S. §8545.

Section 8545 provides:

An *employee* of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and

subject to the limitations imposed by this sub-chapter. (Emphasis added.)

In *Brown v. Quaker Valley School District,* 86 Pa. Commonwealth Ct. 496, 486 A.2d 526 (1984), this Court held that a high school physical education teacher was entitled to immunity under Section 8545, because his actions during a gymnastic instruction were within the scope of his official duties. Having concluded above that Miladin was an "employee" of Midland Area School District, we also conclude that his actions during the course of the football game entitled him to official immunity under Section 8545, just as a football coach would be entitled to immunity for negligence occurring during the course of the game.

We, therefore, affirm the common pleas court's order granting Miladin's summary judgment motion.

ORDER

The order of the Beaver County Common Pleas Court at No. 981 of 1986, dated January 20, 1988, granting both Craig Miladin and Rochester Area School District's summary judgment motions, *is affirmed.*