## Pleiscott v. Schweitzer

*William F. Anzalone* and *Joseph J. Terrana,* for plaintiffs.

*Joseph P. Lenahan* and *Frank T. Blasi,* for defendant.

*James K. Thomas II,* for additional defendant.

PODCASY, *J.,* December 5, 1989 — Before the court is the motion to amend answer and new matter filed by defendant, William E. Schweitzer.

Plaintiff initiated this action by complaint filed on July 26, 1988, seeking damages for injuries allegedly suffered by Lori Lee Pleiscott as a result of an automobile accident which occurred on September 30, 1986.

The complaint alleges that defendant, a teacher and junior class advisor at Crestwood Area High School, was negligent in allowing plaintiff to consume alcoholic beverages while at a meeting in his home in Hazleton, Pennsylvania.

The original defendant, William E. Schweitzer, filed a timely answer and new matter to plaintiffs' complaint. On April 29, 1989, defendant was granted leave to join Crestwood Area School District as an additional defendant, alleging that all activities on behalf of defendant were performed within his scope and capacity as a teacher and junior class advisor at the school district.

On July 7, 1989, original defendant filed a motion to amend asking this court for leave to amend his answer and new matter to raise the defense of municipal immunity under title 42 Pa.C.S. §8541 et

seq., and particularly that he was within the scope of his employment as a teacher and junior class advisor at the Crestwood Area High School at the time of the meeting at his home.

Generally, Pa.R.C.P. 1033 governs the amendment of pleadings and provides as follows:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

It has long been the rule in this commonwealth that the decision to permit an amendment to pleadings is a matter of judicial discretion, *Tanner v. Allstate Ins. Co.*, 321 Pa. Super. 132, 467 A.2d 1164 (1983), and that amendments to pleadings should be liberally allowed in order to secure a determination of cases on their merits, except in those instances where surprise or prejudice to the other party would result, or where the proposed amendment is against a positive rule of law. *Posternack v. American Casualty Company of Reading*, 421 Pa. 21, 218 A.2d 350 (1966); *Tanner v. Allstate Ins. Co., supra; Gregg v. Gacon Construction Company*, 249 Pa. Super. 377, 378 A.2d 344 (1977); *Sands v. Forrest*, 290 Pa. Super. 48, 434 A.2d 122 (1981); *Puleo v. Broad Street Hospital*, 267 Pa. Super. 581, 407 A.2d 394 (1979); *Connor v. Allegheny General Hospital*, 501 Pa. 306, 461 A.2d 600 (1983).

In developing a rule of law as to prejudice and surprise, our Supreme Court in *Bata v. Central-Penn National Bank of Philadelphia*, 448 Pa. 355,

293 A.2d 343 (1972), cert. denied 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973), stated:

"All amendments have this in common: they are offered *later in time* than the pleading which they seek to amend. If the amendment contains allegations which would have been allowed inclusion in the original pleading (the usual case), then the question of prejudice is presented by the *time* at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed. . . . " *Id.* at 380, 293 A.2d at 357. (footnote omitted; emphasis in original)

In the present matter, defendant's motion to amend was filed some 11 months after the original complaint was filed; however, the essence of the amendment was derivative of the investigation of the incident through the discovery process, including the deposition of defendant and answers to plaintiffs' interrogatories. The proposed amendment is consistent with defendant's action in filing a complaint against the additional defendant.

In their argument of timeliness and prejudice plaintiff relies heavily on *Pugh v. Bankers Mutual Insurance Company of Adams County,* 206 Pa. Super. 136, 211 A.2d 15 (1965). However, in *Pugh,* unlike in the instant matter, the trial proceedings had been initiated when the amendment was proposed. Consequently, the same would have required cessation of the trial until the new issues were clarified and defenses developed. Conversely, the record before us does not indicate that discovery has been completed, or the matter is prepared for certification.

Plaintiffs in our view do not show that they have suffered prejudice or surprise by any lapse of time in the preparation of the case. Nor is there any indication that they have been lulled into any inactivity in prosecuting their cause of action due to the defendant's subsequent assertion of the immunity defense.

Equally, we do not find defendant's assertion of municipal immunity to be against a positive rule of law. Pa.R.C.P. 1030 provides that immunity from suit is an affirmative defense to be raised in new matter.

Our immunity statute defines "employee" at 42 Pa.C.S. §8501 as follows:

"Any person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not, and whether within or without the territorial boundaries of the governmental unit, including any volunteer fireman and any elected or appointed officer, member of a governing body or other person designated to act for the government unit."

Section 8545 of the said statute provides:

"An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter."

In addition, our courts have recognized a broad perspective involving school district activity.

In *Wilson v. Miladin,* 123 Pa. Commw. 405, 553 A.2d 535 (1989), the court found a high school football player immune from liability for injuries sustained by a spectator because he acted under the

statute as an employee of the district within his duties. The court, at 123 Pa. Commw. 405, 553 A.2d 537, stated:

"We recognize that a high school football player is not a school district's 'employee' as that term is defined under standard usage. As can be seen, however, the statutory definition of employee is much broader. It extends immunity to those not normally considered 'employees,' includes those acting 'on behalf of' a government unit, and is not restricted to either permanent or paid personnel. In addition to examples of such persons, the legislature included a general classification, those 'designated to act for the government unit.' . . .

"Having concluded above that Miladin was an 'employee' of Midland Area School District, we also conclude that his actions during the course of the football game entitled him to official immunity under section 8545, just as a football coach would be entitled to immunity for negligence occurring during the course of the game." *Wilson* at 410, 553 A.2d at 537.

Prior to *Miladin, supra,* in *Brown v. Quaker Valley School District,* 86 Pa. Commw. 496, 486 A.2d 526 (1984), the court held that a high school physical education teacher was entitled to immunity under section 8545, because his actions during a gymnastic instruction were within the scope of his official duties. While we are not by our decision suggesting that the original defendant is immune from suit within the scope of the judicial code, we cannot at this stage of the proceedings hold that said defendant's proposed affirmative defense is against a rule of law on the subject of governmental immunity.

Rather, we find the amendment to be consistent with the policy of our courts in trying cases on the merits.

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) the motion of defendant, William E. Schweitzer, to amend answer and new matter is granted;

(2) defendant is granted leave of 25 days from the date of this order in which to file said amended answer and new matter; and

(3) the prothonotary is directed to mail notice of entry of this order to all counsel of record pursuant to Pa. R.C.P. 236.