582 A.2d 395

**Maureen Dixon JOHNSON, Appellant,**

v.

**WOODLAND HILLS SCHOOL DISTRICT, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1990.

Decided July 31, 1990.

Designated as Opinion to be Reported Oct. 29, 1990.

Anthony Jay Martin, Martin and Martin, P.C., Monroeville, for appellant.

Dale K. Forsythe, Wayman, Irvin & McAuley, Pittsburgh, for appellee.

Before CRAIG, President Judge, SMITH, J., and NARICK, Senior Judge.

CRAIG, President Judge.

Maureen Dixon Johnson appeals an order by Judge Wettick of the Court of Common Pleas of Allegheny County, granting Woodland Hills School District's motion for summary judgment in a personal injury suit. Because the district's governmental immunity shields it from the claim of a person injured by an errant football, this court affirms.

The record indicates that on October 24, 1986, Johnson attended a pre-football game ceremony at the district's Swissvale High School field. Before the ceremony started, several football players on the field participated in pre-game activities, which included the kicking and throwing of footballs.

Significantly, a five-foot fence surrounds the field, and a cinder track, which is used as a pathway to the seating area, separates the fence from the seating area. However, while Johnson walked along the cinder track which also

surrounds the field, a football struck her and caused various injuries.

In the trial court, Johnson alleged that the district acted negligently in the care, custody or control of its real property when the district failed to erect a suitable barrier, such as a fence or net, to protect the public from thrown or kicked footballs.

The district filed a motion for summary judgment, claiming governmental immunity under Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541. The trial court, in granting the motion, concluded that Section 8541 entitles the district to immunity. The court also concluded, based on this court's decision in *Wilson v. Miladin,* 123 Pa.Commonwealth Ct. 405, 553 A.2d 535 (1989), that the real property exception to immunity[1] did not apply.

Johnson now appeals the trial court decision, contending that the trial court erred in concluding that the real property exception did not apply.[2]

The sole issue in this case is whether the district loses its immunity because of any causal relationship between the injury and the district's care, custody or control of its real property.

The real property exception states that a local agency or its employees shall be subject to liability for damages if a personal injury is caused by the "care, custody or control of real property in possession of the local agency...." 42 Pa.C.S. § 8542(b)(3).

In *Mascaro v. Youth Study Center,* 514 Pa. 351, 363, 523 A.2d 1118, 1124 (1987), the court stated that "[t]he real

1. 42 Pa.C.S. § 8542(b)(3).

2. In reviewing a grant of summary judgment, our scope of review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Farley v. Township of Upper Darby,* 100 Pa.Commonwealth Ct. 535, 514 A.2d 1023 (1986). Summary judgment is only appropriate when, after examining the record in favor of the nonmoving party, there is no genuine issue of material fact and the movant clearly establishes that he or she is entitled to judgment as a matter of law. *Kuehner v. Parsons,* 107 Pa.Commonwealth Ct. 61, 527 A.2d 627 (1987).

estate exception can be applied only to cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by acts or others...." (Emphasis in original.)

In *Wilson*, this court addressed a similar issue when a football player injured a spectator while she waited in line at a concession stand. In that case, the spectator alleged that the close proximity of the locker room to the concession stand constituted a defect in the school district's real property. This court held that neither the land itself nor any artificial condition created by the close proximity of the locker room to the concession stand caused the spectator's injuries. Rather, the placement of the locker room only facilitated the injury by the football player.

Here, Johnson sustained injuries when a football from the playing field hit her. As in *Mascaro* and *Wilson*, neither the land itself nor any artificial condition caused Johnson's injuries. Rather, the act of the football player kicking or throwing the football caused the injuries. The district's failure to erect a suitable barrier to prevent errantly thrown or kicked footballs only facilitated the injury by the football player.

Accordingly, we affirm the sound decision of Judge Wettick of the Common Pleas Court of Allegheny County.

## ORDER

NOW, July 31, 1990, the order of the Court of Common Pleas of Allegheny County, No. 08264 of 1988, dated November 30, 1989, granting Woodland Hills School District's motion for summary judgment, is affirmed.