## Marino v. Central Bucks School District

*Frederick C. Horn,* for plaintiffs.
*Jeffrey H. Quinn,* for defendant.

KANE, *J.,* November 5, 1992—By the order which follows, we deny defendant/Central Bucks School District's motion for summary judgment in connection with this personal injury lawsuit.

At this state of the proceedings and for purposes of ruling on the summary judgment motion, we think a fair statement of the facts are that the plaintiff/minor by and through his parents asserts that the Central Bucks School District is liable for an injury he received to his eye when he was struck by a stone hurled into a school gymnasium through an open door from the blades of a riding lawn mower/tractor operated by one of defendant's employees while plaintiff/minor was a pupil during school hours.

Central Bucks asserts in it's motion for summary judgment that it is immune from this lawsuit under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. The Act provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or

employee thereof or any other person" unless there is a specific provision permitting liability. It is our view at this stage of this lawsuit that a jury might well find facts from which it could be concluded that section 8542(b)(3) operates to deny immunity to Central Bucks. For that reason we deny the summary judgment motion.

Section 8542(b)(3) provides:

"(b) *Acts Which May Impose Liability*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:...

"(3) *Real property*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injuries sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, 'real property' shall not include:

"(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;

"(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;

"(iii)  streets; or

"(iv)  sidewalks."

As will be seen from the above recitation of the facts which are alleged to have led to plaintiff/minor's injury, the Central Buck's employee was cutting the grass when and as a result of which, an injury occurred. We have carefully considered all the cases cited under the "real property" exception to the Act cited by both plaintiff and defendant and find none to be illustrative in connection with this litigation. Certain of the cases relied upon by

Central Bucks involve injuries inflicted on plaintiffs which clearly have nothing to do with real property. For example, *Johnson v. Woodland Hills School District*, 135 Pa. Commw. 43, 582 A.2d 395 (1990), involved an injury stemming from a football player's errant forward pass into the spectator section of a football field. Likewise, the case of *Wilson v. Miladin*, 123 Pa. Commw. 405, 553 A.2d 535 (1989), where a football player ran out of bounds and struck a plaintiff.

We rely not on case law as our search, like those of both plaintiff and defendant, has failed to reveal any cases directly on point on the statutory language in question but rather on the language of the Act itself. The Act provides that no immunity is to attach to a political subdivision in connection with the "care" of "real property." Put simply, it is difficult for us to imagine what the "care" of real property would be if cutting the lawn did not constitute such "care."

Defendant has argued that in order to fall within the real property exception to the Act, there must be something unique about the real estate involved which causes the injury. We can find no case law, nor have we been cited to any, to support this proposition. Given that circumstance, it seems to us that the legislature must have intended that acts committed in a way such as to cause injury to an innocent party while a political subdivision was "caring" for its real property were not to be accorded immunity protection.

For this reason we enter the following

ORDER

And now, November 5, 1992, defendant's motion for summary judgment is denied, dismissed and overruled.