642 A.2d 575

Margaret E. MURRAY, Administratrix of the Estate of
Cherise R. Silvis a/k/a Cherise R. Murray, Deceased

v.

Richard J. ZARGER, Jack McIntyre,
and Corry Area School District.

Appeal of Richard J. ZARGER, Appellant.

Commonwealth Court of Pennsylvania.

Argued March 1, 1994.

Decided May 18, 1994.

T. Warren Jones, for appellant.

Thomas M. Lent, for appellee.

Before McGINLEY and SCHULTZ NEWMAN, JJ., NARICK, Senior Judge.

McGINLEY, Judge.

Richard J. Zarger (Zarger) appeals from an order of the Erie County Court of Common Pleas (common pleas court) that denied his motion for post-trial relief. We reverse.

This action originally involved a negligence claim brought by Margaret Murray (Murray) as administratrix of the Estate of Cherise R. Silvis, a/k/a Cherise R. Murray (Decedent). Decedent was a high school freshman and member of the diving team at Corry Area High School when she sustained fatal injuries in an automobile accident on January 18, 1985. At the time of the accident Decedent and three other students were traveling to a swim meet in a car driven by Zarger and

owned by Corry Area High School swim coach Jack McIntyre (McIntyre).[1]

On May 23, 1988, Corry Area School District (School District) filed a motion for summary judgment alleging that the motor vehicle was not in the possession or control of the School District at the time of the accident, and that Zarger was not an employee of the School District at the time of the accident. The common pleas court denied the motion without prejudice. On July 25, 1988, the common pleas court approved Zarger's and McIntyre's requests to plead governmental immunity. The School District subsequently assumed McIntyre's defense, but not Zarger's. Zarger filed a motion for partial summary judgment seeking a determination that he was for all relevant purposes an employee of the School District and entitled to indemnification.

A jury trial began on October 11, 1988, and ended in a mistrial the same day. Zarger filed a praecipe with the common pleas court to place the motion for partial summary judgment on the argument list. The motion was granted by a January 5, 1989, order of the common pleas court. On November 21, 1989, this Court reversed the partial grant of summary judgment on the basis that such an order is not appropriate without an underlying judicial determination that the alleged employee caused the injury.[2]

Before trial a settlement was executed among all the parties. As a part of the settlement the School District and Zarger agreed to preserve the issues of Zarger's employment and right to indemnification for subsequent determination and on June 11, 1990, a non-jury trial was held before the common pleas court. On June 11, 1992, the common pleas court issued an opinion and order. The common pleas court determined that Zarger was a volunteer diving coach who was provided remuneration by McIntyre, the swim coach, to assist him in coaching the diving squad and swim team and to drive students to meets. The common pleas court determined that

1. Zarger's brother, Edward Zarger, was also in the car at the time.

2. *Murray v. Zarger*, 129 Pa.Commonwealth Ct. 611, 566 A.2d 645 (1989) (*Zarger I*).

Zarger was not an employee of the School District at the time of the accident, nor did he possess a good faith belief that he was acting within the scope of his alleged employment with the School District.

Zarger presents two issues on appeal: (1) did the common pleas court err in determining that Zarger was not an employee of the School District at the time of the accident; and (2) did the common pleas court err in determining that Zarger did not have a good faith belief that he was acting within the scope of his employment at the time of the accident?

Section 8501 of the Judicial Code (Code), 42 Pa.C.S. § 8501, defines an "employee" for the purposes of indemnification, providing in relevant part:

> "Employee" Any person who is acting or who has acted on behalf of a government unit, whether on a permanent or temporary basis, whether compensated or not and whether within or without the territorial boundaries of the government unit, including any volunteer firemen or any elected or appointed officer, member of a governing body or other person designated to act for the government unit. Independent contractors under contract to the government unit and their employees and agents and persons performing tasks over which the government unit has no legal right of control are not employees of the government unit.

In *Zarger I,* we noted that the School District contended that Zarger was not an employee on the following grounds: that the School District had no control over the manner in which Zarger performed; that Zarger was not responsible for the swim team's performance; that there was no agreement between Zarger and the School District; that Zarger was used by McIntyre for his special diving skills only; and that Zarger was employed in a distinct occupation at the Corry YMCA and as an industrial engineer at McInnis Steel. *Zarger I,* 129 Pa.Commonwealth Ct. at 616, n. 2, 566 A.2d at 648, n. 2. These allegations on the part of the School District would, if proven, tend to establish that Zarger was an independent contractor and thus exempt from the definition of an employee

set forth in the Code. Consequently, in our decision to remand, we observed that in *Schuykill County v. Maurer*, 113 Pa.Commonwealth Ct. 54, 536 A.2d 479 (1988), a governmental immunity case, this Court held that when determining whether a person is an independent contractor or an employee, the proper guide to be utilized is that stated in *Hammermill Paper Co. v. Rust Engineering Co.*, 430 Pa. 365, 243 A.2d 389 (1968). *See Zarger I*, 129 Pa.Commonwealth Ct. at 616, 566 A.2d at 648. In *Hammermill*, the Supreme Court stated:

> While no hard and fast rule exists to determine whether a particular relationship is that of employer-employee or owner-independent contractor, certain guidelines have been established and certain factors are required to be taken into consideration: 'Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the right to terminate the employment at any time.' (citations omitted).

*Hammermill*, 430 Pa. at 370, 243 A.2d at 392.

In its opinion disposing of Zarger's post-trial motions the common pleas court concluded that Zarger was not an employee of the School District. We note that there was no implicit or explicit determination of Zarger's status as an employee or independent contractor in *Zarger I*. This Court merely stated that if the School District based its argument that Zarger was not entitled to indemnity on the ground that he was an independent contractor, then the *Hammermill* factors would apply. But Zarger's burden was not to demonstrate that he was not an independent contractor, but to establish that he was acting on behalf of the School District, thus an employee under 42 Pa.C.S. § 8501.

As Zarger contends, the definition of employee in the Act is broad. Zarger is not exempted from indemnification under the statute because he was a volunteer: Section 8501 specifi-

cally states that an "employee" may be a person acting on behalf of a government unit whether compensated or not.

At the trial, Zarger testified that after the former swim coach retired and McIntyre was approached by the School District about becoming head swimming coach, McIntyre asked him about working with him coaching the Corry High School divers in exchange for a portion of McIntyre's salary. Notes of Testimony, June 11, 1990, (N.T.) at 18. Zarger stated that McIntyre subsequently became head swimming coach and Zarger assisted him by coaching and transporting the divers to practice in Union City, a town twelve miles away. N.T. at 19. Zarger testified that McIntyre's predecessor, Bill Cochran, had started the practice of taking divers to the Union City Pool for practice. N.T. at 33. Zarger stated that, with regard to swim meets, he would go to the meets on the bus with the students, warm them up, prepare diving sheets and work with them throughout the event. *Id.* These were his duties throughout the 1985 season. *Id.* Also, he was given a one-time payment of approximately $300 by McIntyre for the 1985 season. N.T. at 45. It was Zarger's belief that the School Board was aware of his activities because the School Board president's daughter was on the diving team. N.T. at 49. Zarger also testified that he transported a diver to a meet in State College, Pennsylvania, and transported three divers to a district meet prior to the accident, and was reimbursed for mileage by the School District. N.T. at 125.

Zarger also called McIntyre as a witness. McIntyre stated that before he was hired he had a conversation with William Nichols (Nichols), supervisor of secondary education, and that he recollected that he was told whoever he wished to assist and however he wanted to split his salary was up to him. N.T. at 57–58. He stated that subsequent to that conversation he made arrangements with Zarger to assist him in return for approximately $200 and then to split his salary with David Cochran (Cochran). N.T. at 59. McIntyre stated that Zarger's duties were primarily to coach the divers, and that he occasionally transported them to meets. N.T. at 60, 65. He

stated that he did not inform the school administration that he paid Zarger and Cochran. N.T. at 80.

McIntyre stated that on the day of the accident Zarger borrowed his car to transport the divers to an invitational swim meet at Iroquois High School with McIntyre's approval. N.T. at 66. McIntyre stated that he had submitted a written request to Gerard Rushin (Rushin), the Corry High School athletic director, requesting use of the school van for January 18, 1985, to transport the divers, but was told to use a car and that he would be reimbursed. N.T. at 68.

Rushin also testified at the trial and stated that he was aware prior to the date of the accident that Zarger was assisting McIntyre in some manner in his coaching duties. N.T. at 93. Rushin stated that he saw Zarger at swim meets with McIntyre and assumed he was helping out. N.T. at 112. Rushin stated that he had no objection to Zarger volunteering. N.T. at 123. Rushin stated that he did not know that the divers were practicing at Union City. N.T. at 117. Rushin confirmed that he approved the use of McIntyre's car to transport the divers to the meet on January 18, 1985. N.T. at 98. Rushin stated that he did not know that Zarger was the driver of McIntyre's car until he contacted Cochran after receiving a phone call from the Iroquois athletic director asking him why his divers had not arrived at the meet. N.T. at 107.

Nichols also testified and stated that he told McIntyre that he could use volunteers and pay them out of his salary if he wanted. N.T. at 131. Nichols stated that Cochran was specifically mentioned as someone whom McIntyre might use, and that although Zarger was not specifically discussed, Nichols would have had "no hesitation with recommending him also." *Id.* Nichols testified that he would have had to approve Zarger's transportation of students to meets prior to the date of the accident, and that he was surprised when Zarger testified to this, but he did not question Zarger's testimony. N.T. at 152.

■ Despite the argument of Appellees McIntyre and the School District that this testimony does not establish that there was a position of "diving coach" or "assistant swim coach," that the school provided other alternatives for students riding to meets than being driven by Zarger, and that on the day of the accident, Rushin believed that McIntyre was to drive the students to the meet, the evidence is clear that Zarger acted on behalf of the School District in assisting with interscholastic athletics, a part of the regular business of the School District, and that he was authorized to drive students to meets prior to the accident.

■ The School District argues that Zarger is not an employee under 42 Pa.C.S. § 8501, as he was a person over whom the School District had no legal right of control, and that if Zarger had refused to take the students to the meet on the day of the accident, there would have been no recourse against him.[3] As we have stated, the definition of "employee" in Section 8501 of the Act does not require that an employee be compensated or possess a formal employment contract with the government unit, as long as he is acting in its interests. In *Wilson v. Miladin*, 123 Pa.Commonwealth Ct. 405, 553 A.2d 535 (1989), this Court held that a varsity football player was an "employee" under the Political Subdivisions Tort Claim Act when he knocked down a spectator while leading his team out of the locker room at a game, because he was acting on behalf of his school district by wearing a school uniform and participating in the game. This case presents an even clearer example of an individual servicing the school district. We do not believe that the issues the School District has raised concerning the informality of Zarger's relationship are persuasive when contrasted with Zarger's history of School District service, including the transport of swim team members to a diving meet.

**3.** The School District contends that Zarger was driving students to a diving meet for the first time the day of the accident. In Zarger's reply brief, he states that this is incorrect, as he had taken students to two previous diving meets, and additionally regularly transported them to practice twelve miles from the school and received mileage compensation from the School District.

■    Zarger also takes issue with the finding of the common pleas court that he did not possess a good faith reasonable belief that he was an employee of the School District at the time of the accident. The Act does not require an employee to have a "good faith reasonable belief" that he is an employee, although 42 Pa.C.S. 8548 states that indemnity will only issue under the act if the employee in good faith reasonably believes the action was within the scope of his duties. There is no evidence to establish that Zarger did not possess a good faith reasonable belief that transportation of the diving team to a diving meet was one of his duties as an assistant diving coach.

The order of the common pleas court is reversed.

### ORDER

AND NOW, this 18th day of May, 1994, the order of the Erie County Court of Common Pleas denying Richard J. Zarger's Motion for Post–Trial Relief is reversed.