**Janaea PATTERSON, Administratrix of the Estate of Elijah Patterson,**

v.

**LYCOMING COUNTY, Lycoming Children and Youth Services, John Robinson and Robin Robinson.**

**Appeal of John Robinson and Robin Robinson.**

Commonwealth Court of Pennsylvania.

Argued Dec. 2, 2002.

Decided Dec. 31, 2002.

Reargument En Banc Denied Feb. 19, 2003.

John A. Mihalik, Bloomsburg, for appellant.

---

Gerard J. Geiger, Stroudsburg, for appellee, Lycoming County Children and Youth Services.

B. Fincourt Shelton, Darby, for appellees.

Before COLINS, President Judge, and SIMPSON, J., and MIRARCHI, JR., Senior Judge.

OPINION BY President Judge COLINS.

John and Robin Robinson appeal the order of the Court of Common Pleas of Lycoming County sustaining the preliminary objections of Lycoming County and Lycoming County Children and Youth Services (CYS) and dismissing the Robinsons' third-party complaint against the County and CYS as additional defendants in Janaea Patterson's wrongful death action against the Robinsons.[1] The trial court concluded that the Robinsons were not employees of the County within the meaning of the Political Subdivision Tort Claims Act (Act)[2] and thus were not entitled to indemnity by the County and CYS in the wrongful death action.

CYS placed Patterson's son, three-month-old Elijah, into temporary foster care with the Robinsons in July 2001. In August 2001, Elijah was seriously injured while in the Robinsons' care and died as a result of his injuries.[3] Patterson filed a wrongful death action against the Robinsons alleging negligence and recklessness in their failure to supervise, monitor, and protect Elijah while he was in their custody. The Robinsons filed an answer and new matter alleging that at all relevant times they were employees of CYS and therefore immune because the complaint's allegations do not fall within any of the exceptions to immunity as set forth in 42 Pa.C.S. § 8542. The Robinsons also filed an additional defendant complaint against Lycoming County and CYS seeking indemnification based on their status as employees of CYS. Additional defendants filed preliminary objections in the nature of a demurrer, which the trial court sustained on the ground that the Robinsons as foster parents were not employees of CYS.

Facing an issue of first impression, the trial judge found instructive cases from other jurisdictions holding that foster parents are not county or state employees for purposes of liability and thus the county/state is not required to indemnify and

1. The trial court granted the Robinsons' request to amend the interlocutory order pursuant to Pa. R.A.P. 1311(b) so that they could petition for permission to appeal. The Robinsons then erroneously filed with this Court a notice of appeal instead of a petition for permission to appeal. Neither Patterson nor the County have challenged the method by which the Robinsons have pursued their appeal, we will not address it. We note that in *Thermo-Guard, Inc. v. Cochran*, 408 Pa.Super. 54, 596 A.2d 188 (1991), the appellate court treated a petition for permission to appeal as notice of appeal and went on to address the merits (advising that when in doubt counsel should file both a petition for permission to appeal and a timely notice of appeal to preserve the right to appeal). We considered a similar procedural error in *Womeldorf by Womeldorf v. Cooper*, 654 A.2d 238 (Pa.Cmwlth.1995),

and in the context of a motion to quash, we dismissed the appeal where the appellants erroneously filed a petition for permission to appeal instead of the appropriate notice of appeal after concluding that Pa. R.A.P. 341(c) establishes the exclusive method by which to appeal an order that dismisses fewer than all of the defendants.

2. 42 Pa.C.S. §§ 8501–8564.

3. Patterson's complaint alleges that prior to his death, Elijah suffered retinal hemorrhages, brain edema, and bruising on his buttocks, forehead, and right temporal area. (Second amended complaint, paragraph 16. The coroner's certificate of death lists the cause of death as "pending investigation." (Exhibit B to second amended complaint.))

defend. The court went on to apply the test set forth in *Hammermill Paper Co. v. Rust Engineering Co.*, 430 Pa. 365, 243 A.2d 389 (1968), to determine whether a particular relationship is that of employer-employee or owner-independent contractor. Applying that test, the court concluded that foster parents in general, and more specifically the Robinsons, are not employees of CYS. The judge sustained the preliminary objections and dismissed the Robinsons' complaint against the County and CYS.

■ On appeal, the Robinsons argue that the trial court erred in concluding that they are not employees of CYS because it ignored the statutory definition of employee. We agree.

■ The Act mandates that a local agency indemnify an employee for any judgment entered against the employee arising out of acts that are within the scope of the employee's duties. 42 Pa.C.S. § 8548(a).[4] Indemnification is not available if it is judicially determined that the employee's actions constituted a crime, actual fraud, actual malice, or willful misconduct. *Kuzel v. Krause*, 658 A.2d 856 (Pa. Cmwlth.1995).

The Act defines "employee" as

Any person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not and whether within or without the territorial boundaries of the government unit, including any volunteer fireman and any elected or appointed officer, member of a governing body or other person desig-

nated to act for the government unit. Independent contractors under contract to the government unit and their employees and agents and persons performing tasks over which the government unit has no legal right of control are not employees of the government unit.

42 Pa.C.S. § 8501. As we have perennially stated, the definition of employee is much broader than the standard usage of the term and does not require that an employee be compensated or possess a formal employment contract as long as the person is acting in the interest of the government unit. *Murray v. Zarger*, 164 Pa.Cmwlth. 157, 642 A.2d 575 (1994); *Wilson v. Miladin*, 123 Pa.Cmwlth. 405, 553 A.2d 535 (1989). Under that definition, the Act "extends immunity to those not normally considered 'employees,' includes those acting 'on behalf of' a government unit, and is not restricted to either permanent or paid personnel ... the legislature included a general classification, those 'designated to act for the government unit.'" *Miladin*, 553 A.2d at 537. We have applied the definition to conclude that a volunteer diving coach was a school district employee, *Zarger*, and to conclude that a high school football player was a school district employee by participation in its football games because he was required to comply with coaches' instructions and district rules and he was designated to act in its extracurricular activity, *Miladin*.

Applying the definition to the present case, we can only conclude that the Robinsons, as temporary foster parents, were acting on behalf of CYS and were designated by CYS to act in this capacity. CYS

---

4. 42 Pa.C.S. § 8548(a) states:

   **(a) Indemnity by local agency generally.—** When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, ... and it is judicially determined that an act of the employee caused the injury and such act was, or that employee in good faith reasonably believed that such act was, within the scope of his office or duties, the local agency shall indemnify the employee for the payment of any judgment of the suit.

took custody of Elijah Patterson and was responsible for supervising his placement into foster care; it chose the Robinsons as qualified foster parents, had a legal right of control over the Robinson's care and custody of Elijah Patterson.

Accordingly, the order of the trial court is reversed, and the complaint against the additional defendants reinstated. This matter is remanded to the trial court for further proceedings.

Judge SIMPSON concurs in the result only.

### ORDER

AND NOW, this 31st day of December 2002, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is reversed and the complaint against the additional defendants reinstated. This matter is remanded to the trial court for further proceedings.

Jurisdiction is relinquished.