IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandywine Village Associates, LP, :
L&R Partnership, LLC, and :
John Cropper, :
:
:
Appellants :
:
v. : No. 760 C.D. 2023
: Argued: April 9, 2024
East Brandywine Township and :
Carlino East Brandywine L.P. :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED:  May 28, 2024


        Brandywine Village Associates, LP (BVA), L&R Partnership, LLC
(L&R), and John Cropper (Cropper) (collectively, BVA Parties) appeal from the
order of the Chester County Court of Common Pleas (trial court), dated June 15,
2023, entering summary judgment in favor of Carlino East Brandywine L.P.
(Developer) and East Brandywine Township (Township) (collectively, Defendants)
and dismissing BVA Parties' action with prejudice.  BVA Parties assert that the trial
court erred by determining that BVA Parties lacked standing, the construction of a
public road to which public funds were designated was not subject to the

Pennsylvania Prevailing Wage Act (PWA)[1] or public bidding requirements, and no controversy existed regarding PWA compliance. We affirm.

The current litigation represents BVA Parties' latest challenge to Developer's plans to construct a competing grocery store next to BVA Parties' shopping center.[2] Developer owns a 10.118-acre parcel of land located at 1279 Horseshoe Pike in the Township (Property), which is zoned for mixed-use commercial development. Developer received final approval to develop its Property with a shopping center that includes a Giant Food Store and a road, to be open for public use, connecting Horseshoe Pike and North Guthriesville Road together with related stormwater facilities (Connector Road).

The Township, which is a second-class township under The Second Class Township Code (Township Code),[3] and Developer entered into a Memorandum of Understanding (MOU) that Developer would, at its sole expense, design, permit, and construct the Connector Road in conjunction with the development at no cost to the Township. The Township conditioned its final approval of Developer's final development plan on Developer's agreement to construct the Connector Road at no cost to the Township.

---

[1] Act of August 15, 1961, P.L. 987, *as amended*, 43 P.S. §§165-1 – 165-17.

[2] This Court may take judicial notice of the "extensive litigation between the parties." *In re Schulz Estate*, 139 A.2d 560, 563 (Pa. 1958). *See, e.g.*, *Brandywine Village Associates v. East Brandywine Township Board of Supervisors* (Pa. Cmwlth., No. 499 C.D. 2020, filed July 20, 2021); *Brandywine Village Associates v. East Brandywine Township* (Pa. Cmwlth., No. 1477 C.D. 2018, filed July 9, 2019); *Brandywine Village Associates v. East Brandywine Township Board of Supervisors* (Pa. Cmwlth., No. 1149 C.D. 2017, filed April 19, 2018); and *Brandywine Village Associates v. East Brandywine Township Board of Supervisors* (Pa. Cmwlth., No. 164 C.D. 2017, filed January 5, 2018).

[3] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§65101 – 68701.

2

The Township and Developer then entered into Land Development and Stormwater Agreements (collectively, Agreements), in which Developer agreed to bear the entire cost of developing and installing the Connector Road and the Township agreed to credit the fair market cost of construction against the Township's traffic impact fee. The Agreements are silent with regard to the PWA and public bidding requirements because at the time, it was uncertain whether Developer would receive any public funding. The Township and Developer entered into a Financial Security Agreement, which again reflected the parties' agreement that Developer would bear the full financial responsibility for the construction of the Connector Road and the Township would not be liable for any costs associated therewith.

BVA Parties, which own lands adjacent to the Property upon which there is an existing shopping center and grocery store, initiated this action in May 2020, by filing a complaint in the trial court seeking a declaration that the Agreements were *ultra vires* and void for failure to require compliance with the requirements of the PWA and public bidding laws. In support, BVA Parties alleged that Developer was designated to receive $1,000,000.00 in public funds in the form of a state grant under the Redevelopment Assistance Capital Program (RACP). If the RACP grant is awarded to Developer, Developer is required to accept the award and comply with the PWA and public bidding laws. BVA Parties also asserted that the Connector Road was publicly funded based on a traffic impact fee credit Developer would receive for the costs of construction and future replacement options because the Connector Road was not in the Township's transportation plan.

Both the Township and Developer filed answers in response.[4] Developer did not dispute that it had applied for a RACP grant and could receive public funds for the Connector Road. Reproduced Record (R.R.) at 793a. Developer further conceded that, if it received public funds for the construction of the Connector Road, it would be required to comply with the PWA and public bidding requirements. *Id.* However, Developer maintained that it had not received the RACP grant or any public funds for the Connector Road. *Id.* Developer advanced that the possible future receipt of RACP funds does not require invalidation of the Agreements. Rather, Developer stated it would be required to enter a separate agreement with the grantor acknowledging compliance with the PWA applicable to the award and the bidding requirements. *Id.* Developer denied that the credit towards the impact fee and the Township's replacement of the fee constituted public funding for the Connector Road. *Id.*

Two years after the pleadings closed, Developer moved for summary judgment, which the Township joined. Therein, Defendants argued that they were entitled to summary judgment because BVA Parties lacked standing to file suit and BVA Parties had no right to the relief sought because the PWA and public bidding laws did not apply to the Agreements.

Upon review, the trial court agreed. The trial court determined that BVA Parties lacked traditional standing because they did not have a substantial, direct, and immediate interest in the litigation and were not aggrieved by the Agreements. The trial court also concluded that BVA Parties did not meet the criteria for taxpayer standing. The trial court rejected the BVA Parties' assertion that, but for their challenge, the Agreements would go unchallenged because both

---

[4] Developer also filed new matter in the form of affirmative defenses; a counterclaim, which it later withdrew; and preliminary objections, which the trial court overruled.

4

the Township and Developer are benefited thereby. The trial court found that the Pennsylvania Department of Labor and Industry (L&I), as the agency charged with the administration and enforcement of the PWA, has a direct interest in enforcing PWA compliance and has not declined to act in this matter. Further, the PWA sets forth remedies and penalties for violations, along with who has standing to allege such violations, namely, persons aggrieved, which does not encompass business competitors, like BVA Parties.

Even if BVA Parties could establish standing, the trial court concluded that BVA Parties were unable to demonstrate that public funds will be used to construct the Connector Road, which would trigger application of the PWA and bidding laws. The trial court flatly rejected BVA Parties' arguments that Developer is using public funds to build the Connector Road by applying for a RACP grant and obtaining a credit against the Township impact fee for the costs of construction, as well as the Township's future obligation to replace the credited impact fee to fund other improvements. The trial court explained that the PWA only applies to a "public work," which is a work paid for in whole or in part with public funds. The trial court determined that the Connector Road was not a public work because Developer contracted to pay for all costs of the Connector Road without public funds. Although Developer applied for and was obligated to accept the $1,000,000.00 RACP grant if awarded, the grant expired in November 2023. To date, Developer has not received any public grant money for the Connector Road. Developer conceded that if public funding was received, it would be required to comply with the PWA and public bidding laws.

The trial court also rejected BVA Parties' argument that the traffic impact fee credit constitutes public funding. That credit will occur after the

5

Connector Road is constructed. The trial court explained that Section 505-A(d) of the Pennsylvania Municipalities Planning Code (MPC)[5] expressly permits a municipality to provide a credit against impact fees for the value of any construction projects not contained in its transportation capital improvement plan. The General Assembly permits a credit without requiring a developer to comply with the PWA or public bidding requirements. *See Pennsylvania State Building and Construction Trades Council, AFL-CIO v. Prevailing Wage Appeals Board*, 808 A.2d 881, 884 (Pa. 2002) (directing remand to determine whether tax monies are merely foregone or actually collected and redistributed for project). At no time will the credit against the impact fee ever rest in the public coffers. Because the credit against the impact fee is not public funding and did not fund the construction of the Connector Road, the trial court determined that the PWA was not implicated.

As for the Township's later replacement of the credit amounts to fund other public improvements, the MPC enables a municipality to fund its transportation capital improvements plan through the assessment of impact fees. If the improvements are not in the municipality's plan, the impact fee must be replaced within three years to fund other improvements in the plan. 53 P.S. §10505-A(d)(3). The Connector Road was not in the plan. As a result, the replaced funds are to be used to build an improvement in the Township's plan. However, the trial court concluded that those replaced funds will not be used to pay for the construction of the Connector Road. Developer alone is responsible for the costs of constructing the Connector Road. The fact that the Township will have a future obligation to fund *another* improvement does not support the BVA Parties' claim that the Township is expending public funds to build the Connector Road.

---

[5] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 19, 1990, P.L. 1343, 53 P.S. §10505-A(d).

6

Finally, with regard to the public bidding laws, the trial court determined that Developer, not the Township, is obligated to construct and pay for the Connector Road. Because Developer has not received any public funding, the public bidding requirements do not apply for the same reasons the PWA does not apply. By Memorandum Opinion and Order dated June 15, 2023, the trial court entered summary judgment in favor of Defendants and against BVA Parties and dismissed BVA Parties' complaint with prejudice. BVA Parties' appeal to this Court followed.[6, 7]

In this appeal, BVA Parties present several issues for review. First, BVA Parties contend that the trial court erred by holding that they lack taxpayer standing to challenge the Township approvals of the Agreements. Second, they contend that the trial court erred by holding that construction of a public road on public property, for a public purpose, and at the insistence of a public body, is not subject to the PWA. Third, the trial court erred in holding that no controversy exists as to PWA compliance. Fourth, the trial court erred by holding that the Township is not using or expending public funds for the public road's construction, when the economic reality is that the Township will either (a) receive funds that Developer has received from the Commonwealth; (b) turn over the right to receive public funds

---

[6] Where the trial court has granted a motion for summary judgment, our review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Johnson v. Woodland Hills School District*, 582 A.2d 395, 397 n.2 (Pa. Cmwlth. 1990). "Summary judgment is only appropriate when, after examining the record in favor of the nonmoving party, there is no genuine issue of material fact" and the movant is "entitled to judgment as a matter of law." *Id*.

[7] The trial court directed BVA Parties to file a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b). In response to BVA Parties' timely filed statement, the trial court issued an opinion in accordance with Rule 1925(a), in which it provided a brief statement that the Memorandum Opinion filed June 15, 2023, adequately addressed the issues preserved and that no further opinion was necessary.

by granting Developer a credit against legally required impact fees; and/or (c) be forced to expend public funds on future projects by virtue of this credit. Fifth, BVA Parties argue that, in light of the PWA's status as a remedial statute whose exceptions are to be narrowly construed, the trial court should have considered the public policy implications of the Township's and Developer's avoidance of the PWA's legal requirements by agreeing to outsource public road construction to Developer. Finally, BVA Parties claim that the trial court erred by holding that a project to build public facilities for a public purpose on public property is not subject to the requirements of the public bidding laws, thereby allowing the circumvention of those laws' requirements in a manner that is contrary to public policy.

However, after reviewing the record, the parties' briefs and oral argument, and the relevant case law, we conclude that these appellate issues have been ably resolved in the thorough and well-reasoned opinion of Judge Anthony T. Verwey. Accordingly, we affirm the trial court's order on the basis of his opinion in the matter of *Brandywine Village Associates, L.P. v. East Brandywine Township* (C.P. Chester, No. 2020-03219-MJ, filed June 15, 2023).

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandywine Village Associates, LP,  :
L&R Partnership, LLC, and    :
John Cropper,        :
            :
      Appellants  :
            :
    v.       : No. 760 C.D. 2023
            :
East Brandywine Township and   :
Carlino East Brandywine L.P.   :

O R D E R

   AND NOW, this 28th day of May, 2024, the order of the Chester County Court of Common Pleas, dated June 15, 2023, is AFFIRMED.

            _____
            MICHAEL H. WOJCIK, Judge