Tiyo Attallah Salah and The United Prisoners Labor Union, Appellants *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board et al., Appellees.

Argued September 29, 1978, before Judges WILKINSON, JR., DiSALLE and MacPHAIL, sitting as a panel of three.

*Richard G. Fishman,* with him *Margaret A. Lenzi,* for appellants.

*Edward Kassab,* with him *Kassab, Cherry, Curran and Archbold;* and *James L. Crawford* and *William G. Dade,* for appellees.

OPINION BY JUDGE WILKINSON, JR., November 3, 1978:

The very narrow issue before us for decision in this case is whether inmates in a penal institution, awaiting trial, awaiting sentence, or serving a sentence, are within the protection and benefits of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.101 et seq. (PERA), with regard to the work they perform. Ap-

pellants, if PERA applies, appear to have followed appropriate procedures to have the Pennsylvania Labor Relations Board (PLRB) conduct an election and filed charges of Unfair Practices against respondents. The PLRB dismissed the Petition for Representation as well as the charges. An appeal was filed to the Court of Common Pleas of Delaware County which affirmed the action of the PLRB. This appeal followed. We affirm.

In an able opinion filed for the common pleas court, Judge DEFURIA discussed the general law with regard to this case, including cases from other jurisdictions, making it unnecessary for us to do so.[1] In the decision of the United States Supreme Court in *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119 (1977) the opinion by Justice REHNQUIST reversing a three judge Constitutional Court also contains a general discussion of the current law in this area. *Jones, supra,* holds that an inmate's constitutional rights are not violated when he is denied the usual protection of labor laws. In a concurring opinion, Chief Justice BURGER points out that even though the Constitution does not require it, the legislature could grant the inmates labor rights. As stated above, the issue here is whether the Pennsylvania legislature has done so in PERA. We think not.

In the recent case of *Philadelphia Association of Interns and Residents v. Albert Einstein Medical Center,* 470 Pa. 562, 369 A.2d 711 (1976), in a four-three decision, our Supreme Court held that PERA did not cover hospital interns and residents as being "public employes," their primary purpose being educational, *i.e.,* student-teacher, rather than gainful employment, *i.e.,* employer-employee. Chief Justice EGAN's dissent, with concurrence from Justice MANDERINO, stated that

---

[1] 64 Del. 282 (1977).

the motivation for the relationship was not controlling. Justice ROBERT's dissent emphasized that the PLRB had made a finding that the interns were employees as a finding of fact. Based on a careful reading of the majority and the dissents, we would conclude that it would be the unanimous opinion of our Supreme Court that inmates are not public employees within the meaning of PERA, especially when that is the finding of the PLRB.[2]

Accordingly, we will enter the following

ORDER

AND Now, November 3, 1978, the Order of the Court of Common Pleas of Delaware County in No. 76-16604 and No. 76-16605, dated June 1, 1977 affirming the Pennsylvania Labor Relations Board's final orders is affirmed.

---

[2] Of interest is a very current opinion of Judge LUONGO for the United States District Court for the Eastern District of Pennsylvania in *Harold X v. Brierley, et al.*, Civil Action, No. 76-3582, filed September 19, 1978. This case holds that the low wages paid inmates, being substantially below the minimum wages established by state and federal law, do not constitute cruel and unusual punishment.