**Christopher HEFFRAN, Petitioner,**

v.

**DEPARTMENT OF LABOR AND INDUSTRY, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 24, 2004.

Decided Dec. 23, 2004.

Christopher Heffran, petitioner, pro se.

Karen L. Galli, Harrisburg, for respondent.

BEFORE: McGINLEY, J., PELLEGRINI, J., and LEADBETTER, J.

OPINION BY Judge PELLEGRINI.

Before us in our original jurisdiction are preliminary objections[1] filed by the Department of Labor and Industry (L&I) in response to a petition for review filed by Christopher Heffran (Heffran), an inmate at the State Correctional Institution at Graterford (SCI–Graterford), seeking to prevent the use of certain chemicals until alleged violations of the Worker and Community Right–to–Know Act (Act)[2] are corrected; to compel L&I to enforce the Act and assess civil penalties against SCI–Graterford; and to compel SCI–Graterford or L&I to produce the Material Safety Data Sheets (MSDS) for 11 unnamed industrial chemicals.

Heffran is an inmate at SCI–Graterford who works in its Shoe Shop Rubber Mill making boots for inmates. Heffran alleges that SCI–Graterford is his "employer," and, as such, under the Act, was required to label chemical receptacles for workers, post a list of hazardous substances in the work area, provide training programs for inmate/employees, and allow him to view MSDS. Heffran alleges that on May 18, 2004, he made a complaint to L&I which is responsible for ensuring compliance with the Act,[3] and L&I has not brought any action to bring SCI–Graterford into compliance with the Act.[4]

1. In deciding preliminary objections, this Court must take as true all well-pleaded and material facts and inferences deduced therefrom. *Heffner Funeral Chapel & Crematory, Inc. v. Department of State, Bureau of Professional and Occupational Affairs*, 824 A.2d 397 (Pa.Cmwlth.2003), *affirmed*, 578 Pa. 41, 849 A.2d 1135 (2004). In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt as to their certainty should be resolved by a refusal to sustain the preliminary objections. *Id.*

2. Act of October 5, 1984, P.L. 734, No. 159, 35 P.S. §§ 7301–73120.

3. Section 14 of the Act empowers L&I, among other things; to prevent any violations of the Act, issue orders to comply with the Act, assess civil penalties for violations of the Act, and to levy penalties against employers. 35 P.S. § 7314.

4. Specifically, this complaint alleges that SCI–Graterford violated the Act because Heffran was not furnished with requested MSDS for 11 hazardous substances allegedly used in the boot production (35 P.S. § 7305(c)(2));

■ Because L&I did not take any action on his complaint and an "aggrieved person" can bring an action compelling L&I to enforce the Act, Heffran filed his petition for review alleging that L&I's inaction constituted a failure to enforce the provisions of the Act.[5] He seeks an injunction against SCI–Graterford preventing it from using certain chemicals until it corrects the alleged violations of the Act; an order compelling L&I to enforce the Act and assess civil penalties against SCI–Graterford; and an order compelling SCI–Graterford or L&I to produce the MSDS for the 11 unnamed industrial chemicals. In response, L&I filed preliminary objections to Heffran's petition for review alleging that Heffran has no standing because the Act only imposes requirements on employers and only employees and employee representatives are "aggrieved persons"

under the Act, and Heffran, as an inmate, is not an employee of SCI–Graterford. We agree.[6]

■ The overall purpose of the Act is to protect employees from the dangers that can occur from exposure to hazardous chemicals used in the workplace or transported and disposed within the community, and to make current information available as to the known or suspected health hazards posed by the use of or exposure to such hazardous substances. This is achieved by imposing on employers and chemical suppliers certain obligations and by making available to employees the identity of chemicals used in the workplace.[7] This is illustrated by the sections of the Act which Heffran alleges SCI–Graterford violated, all of which impose duties on employers for the benefit of their employees.

the receptacle containers used to hold the hazardous substances were not labeled with hazard warnings or with the name, address and telephone number of the manufacturer (35 P.S. § 7306); a list of hazardous substances was not posted in or near the Shoe Shop Rubber Mill (35 P.S. § 7307(a)); and he was not provided with an annual training/educational program on the chemicals' properties, acute and chronic effects, symptoms, potential for fire hazards or the proper emergency treatment and appropriate protection equipment to use when handling the chemicals (35 P.S. § 7308).

5. Section 15(b) of the Act grants standing to an aggrieved person to bring an action in this Court against L&I for failure to enforce provisions of the Act or regulations promulgated under the Act. That section provides:

(b) ORIGINAL ACTION.—*Any aggrieved person* may bring a civil action in the appropriate court of common pleas on his own behalf against any employer or supplier for a violation of any provision of this act, except section 11, or any rule promulgated thereto, or *may bring suit in the Commonwealth Court against the department for failure to enforce the provisions of this act or any rule promulgated pursuant thereto.* Where the action involves the rights of

more than one employee, any certified or recognized collective bargaining representative shall have standing to sue on behalf of said employees. The court may issue, whenever it deems appropriate, a preliminary, permanent or special injunction. Under no circumstances may this act be read to require, and under no circumstances may a court award, compensatory and liquidated damages, costs and expenses of litigation, including expert witness fees and reasonable attorney fees.
35 P.S. 7315(b). (Emphasis added.)

6. In its preliminary objections, L&I also argues that even if Heffran does have standing, this Court still lacks subject matter jurisdiction because Heffran failed to exhaust his administrative remedies. Because of the way we resolve this case, we need not address that issue.

7. The Act also provides that the community is protected by providing for hazardous substance surveys and furnishing them to the local police, fire and emergency response services, as well as disseminating that information to the public. 35 P.S. §§ 7303; 7305; 7310; 7312. Heffran makes no claim under any of those provisions.

For example, Section 5(c)(2) of the Act, 35 P.S. § 7305(c)(2), requires an employer to furnish, upon the request of an employee or employee representative, an MSDS for any hazardous substance present in the employer's workplace; Section 6 of the Act, 35 P.S. § 7306, requires an employer to label each container of a hazardous substance with the chemical name or common name of the substance, a hazard warning as to the specific nature of hazard arising from the substance, and the name and contact information of the manufacturer of the substance in a manner that employees can easily view; Section 7(a) of the Act, 35 P.S. § 7307(a), requires an employer to prominently post or, in certain circumstances, furnish to an employee a list of the hazardous substances used or produced in the workplace or in that employee's work area and to notify employees of their rights under the Act; and Section 8 of the Act, 35 P.S. § 7308, requires an employer to provide annual education and training programs to its employees exposed to hazardous substances on the location, name, properties, symptoms, hazards, proper emergency treatment and the appropriate protection equipment for safe use of the substances. Because the Act is aimed at providing protection to employees, for a person to be aggrieved under those sections of the Act, a person must be an employee or an employee representative.

The Act defines "employee" in relevant part as "[a]ny person currently working for any employer, except domestic or casual laborers employed at the employer's place of residence." 35 P.S. § 7302. It

has long been settled that an inmate at a correctional facility is not an employee of the correctional facility because there is no employer/employee relationship as an inmate's labor belongs to the prison, and the remuneration paid to the inmate is a gratuitous payment authorized by the state as a rehabilitative tool rather than wages. *Mays v. Fulcomer*, 122 Pa.Cmwlth. 555, 552 A.2d 750 (1989); *Salah v. Pennsylvania Labor Relations Board*, 38 Pa.Cmwlth. 397, 394 A.2d 1053 (1978). Because the Act only imposes burdens on employers, and SCI–Graterford is not Heffran's employer but his jailer, and Heffran is an inmate of SCI–Graterford and not an employee of SCI–Graterford, he has no standing as an employee to compel L&I to enforce the provisions of the Act.

Accordingly, the preliminary objections filed by L&I are sustained.

## ORDER

AND NOW, this *23rd* day of *December*, 2004, the preliminary objections filed by the Department of Labor and Industry are sustained.